Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following FINDINGS OF FACT
STIPULATIONS
1. On 18 September 1990, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer which resulted in an injury to his back.
2. Subsequently, on 13 November 1990, the Industrial Commission approved Industrial Commission Form 21, Agreement for Compensation for Disability, for necessary weeks. Plaintiff's average weekly wage was $366.00, yielding a compensation rate of $244.01.
3. Plaintiff received compensation from defendant CIGNA at the rate of $244.01, from 3 October 1990 to the date of the Deputy Commissioner's Opinion and Award, October 28, 1993.
4. Plaintiff began his employment with defendant-employer in 1967 and was continuously so employed until 3 October 1990.
5. The undersigned takes notice of the prior Orders in this matter filed 25 September 1991, 8 January 1992, 13 March 1992 and 3 June 1992.
6. Defendant National Union Fire Insurance Company was the compensation carrier on the risk from 1 May 1989 through 1 May 1990.
7. In addition, CIGNA was the compensation carrier on the risk beginning 1 May 1990.
FINDINGS OF FACT
1. Plaintiff was born 5 April 1946, and has a ninth grade education.
2. Plaintiff began work for defendant-employer in 1967 in the copper roller department. Plaintiff then worked with defendant-employer until 1969, at which time plaintiff left. Plaintiff did not return to work with defendant-employer until 1974. Upon his return, plaintiff again worked in the copper roller department until 1976, when he transferred to the nickel screen department, where plaintiff worked until 1986. In 1986, plaintiff again returned to the copper roller department.
3. During his employment with the Defendant, plaintiff was exposed to various chemicals and fumes.
4. Plaintiff was diagnosed in January 1990, with obstructive pulmonary disease, resulting in a severe obstructive ventilatory defect. On 22 January 1990, plaintiff began receiving treatment for his obstructive pulmonary disease by Dr. Peter Loper. He was prescribed four medications to be inhaled 3 or 4 times per day with the use of a nebulizer. It is difficult to carry and use this equipment away from home and his physician testified that patients "can't use it in the car, and [its] hard to use at work." However, during his treatment with Dr. Loper, plaintiff was not removed from his employment with defendant-employer, and his condition improved due to the use of medication prior to his back injury in October, 1990.
5. Plaintiff was a habitual smoker and smoked approximately two packs of cigarettes per day for thirty-one years, until he quit smoking in February of 1990. His mother had asthma, and he was genetically predisposed to respiratory problems. Plaintiff's obstructive pulmonary disease was caused by these factors. The greater weight of the evidence indicates that the chemicals to which plaintiff was exposed during his employment with defendant-employer did not significantly contribute to the development of plaintiff's obstructive pulmonary disease. While the presence of fumes in the defendant's workplace caused plaintiff some symtomatic breathing difficulty, plaintiff's obstructive pulmonary disease was not significantly aggravated or accelerated by his occupational exposure to chemicals.
6. There is insufficient evidence of record from which to determine by its greater weight that plaintiff's exposure to the chemicals in his employment placed him at an increased risk of developing obstructive pulmonary disease as opposed to members of the general public not equally so employed.
7. On 18 September 1990, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, which resulted in an injury to his lower back.
8. As a result of plaintiff's compensable injury on 18 September 1990, the parties entered into Industrial Commission Form 21, Agreement for Compensation for Disability, which was approved by the Industrial Commission on 13 November 1990.
9. As a result of his compensable injury on 18 September 1990, plaintiff has received temporary total disability compensation from 3 October 1990, and continuing through the date of the Deputy Commissioner's Opinion and Award, October 28, 1993.
10. As a result of his compensable injury on 18 September 1990, plaintiff had surgery for a herniated disc at the L5-S1 level, performed by Dr. Robinson Hicks, on 1 February 1991.
11. Subsequently, by 24 September 1991, plaintiff reached maximum medical improvement from his compensable injury of 18 September 1990. As a result of his compensable injury on 18 September 1990, plaintiff has a thirty percent permanent partial disability of the back.
12. On 1 November 1991, defendant-employer offered plaintiff employment which was suitable to his capacity to earn wages. The position offered was that of a photo technician. Neither plaintiff's back condition nor his obstructive pulmonary disease would incapacitate plaintiff from earning wages in this position. While plaintiff would have been periodically and incidentally exposed to fumes in this position, this job would cause less exposure than his prior position, and his normal medication would prevent undue distress.
13. Plaintiff's refusal to return to work in the proffered employment was not justified.
14. As a result of his compensable injury on 18 September 1990, plaintiff was incapable of earning wages with defendant-employer or in any other employment from 3 October 1990 through 1 November 1991, when plaintiff unjustifiably refused employment which was suitable to his capacity to earn wages.
15. Plaintiff's complaints of pain in his neck are unrelated to plaintiff's compensable injury of 18 September 1990.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff's workplace exposure to chemicals and their fumes was not a significant causal factor in nor significantly contributed to the development of plaintiff's obstructive pulmonary disease. Plaintiff has no occupational disease, and no disability related to causes and conditions which are characteristic of, and peculiar to, plaintiff's employment with defendant-employer. Rutledge v. Tultex Corporation, 308 N.C. 85,301 S.E.2d 359 (1983). See, Wilkins v. J. P. Stevens Company,333 N.C. 449, 426 S.E.2d 675 (1993). G.S. § 97-53(13). Plaintiff is, therefore, not entitled to compensation under the North Carolina Workers' Compensation Act for his obstructive pulmonary disease. N.C.G.S. § 97-53(13).
2. Plaintiff's refusal to accept the employment procured for him beginning 1 November 1991, which was suitable to his capacity to earn wages, was not justified, and he was not thereafter entitled to compensation. N.C.G.S. § 97-32.
3. As a result of his compensable injury on 18 September 1990, plaintiff has a thirty percent permanent partial disability of his back, for which he is entitled to compensation at the rate of $244.01 per week, for a period of 90 weeks from defendant-employer and CIGNA. Defendant-employer and CIGNA, however, are entitled to a credit for the amount of compensation paid to plaintiff following 1 November 1991. N.C.G.S. §97-31(23).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff is entitled to compensation at the rate of $244.01 per week, for a period of 90 weeks, beginning 1 November 1991, in respect to plaintiff's thirty percent permanent partial disability of the back. However, defendants are entitled to a credit for the amount of compensation paid to plaintiff following 1 November 1991 against this sum.
2. Defendant-employer and CIGNA shall pay all medical bills incurred by plaintiff as a result of his compensable injury on 18 September 1990, when bills for the same shall have been submitted through defendant CIGNA to the Industrial Commission, and approved by the Industrial Commission.
3. Under the law, plaintiff's claim for an occupational disease must be, and the same is hereby, DENIED.
4. Defendant shall pay the costs.
 S/ ___________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _____________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ _____________________ COY M. VANCE DEPUTY COMMISSIONER
JRW/rch