The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner (now Chief Deputy) Haigh and the determination of this matter by Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of plaintiff's alleged contraction of an occupational disease, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Transportation Insurance Company was the workers' compensation insurance carrier on the risk.
4. On the date of her alleged contraction of an occupational disease, plaintiff's average weekly wage was $453.45.
* * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
The objections contained in the deposition of Dr. Robert A. Dietrich, M.D., are OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was a married, thirty-three year old woman with no children. Plaintiff began her employment with defendant-employer on 24 September 1981. Prior to that date, she had worked in a nursing home and as a private sitter, secretary, security guard, and convenience store clerk.
2. Defendant-employer produced a variety of components parts for automobiles. Defendant-employer used several chemical solvents and solutions in its manufacturing process to finish, clean and lubricate the component parts it produced. Odors from these chemicals were noticeable, to varying degrees, throughout defendant-employer's plant.
3. During her employment with defendant-employer, plaintiff held a variety of positions and performed a variety of duties. Plaintiff's work station within defendant-employer's plant changed on several occasions, however, in each location, chemical odors were present and noticeable.
4. In April 1991, plaintiff sustained a non-work related viral infection of her upper airway that produced symptoms of a sore throat and cough. The non-work related viral infection sustained by plaintiff caused her to develop hyperactive airways disease. Plaintiff's hyperactive airways disease did not develop as a result of causes or conditions that were characteristic of, or peculiar to, her employment with defendant-employer.
5. Plaintiff's cough, which began as a result of the viral infection, continued after the viral infection had resolved. Plaintiff's coughing would lessen, and nearly resolve, when she was held out of work by her treating physician. Upon returning to work for defendant-employer, plaintiff's cough would recur, increasing in frequency and severity until she was again withheld or absent from work.
6. The persistence of plaintiff's cough after the resolution of the viral infection resulted from her exposure to a substance that was present in plaintiff's workplace to which she was hypersensitive. Plaintiff's hypersensitivity to this substance resulted from her non-work related development of hyperactive airways disease.
7. The substance to which plaintiff was hypersensitive was never positively identified. Plaintiff's coughing was not alleviated by the use of dust masks or air purifying respirators, but was alleviated by her removal from defendant-employer's workplace.
8. As a result of her exposure to the unidentified substance in her workplace, plaintiff was rendered incapable of earning wages with defendant-employer, but she was not rendered incapable of earning wages in any other employment.
9. Plaintiff's incapacity to earn wages with defendant-employer did not result from causes or conditions that were characteristic of, or peculiar to, her employment with defendant-employer. Plaintiff's incapacity to earn wages with defendant-employer resulted from her personal sensitivity to an unidentified substance in her workplace.
10. Plaintiff sustained no permanent disability as a result her exposure to the unidentified substance.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff was not disabled. N.C. Gen. Stat. § 97-2(9);Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595,290 S.E.2d 682, 683 (1982).
2. Plaintiff did not suffer from an occupational disease that was due to causes and conditions which were characteristic of, or peculiar to, her employment with defendant-employer. N.C. Gen. Stat. § 97-53(13).
3. Plaintiff's non-occupational disease was not aggravated or accelerated by causes or conditions that were characteristic of, or peculiar to her employment with defendant-employer.Wilkins v. J.P. Stevens Co., 333 N.C. 449, 426 S.E.2d 675
(1993).
4. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-52; N.C. Gen. Stat. § 97-53.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________ COY M. VANCE COMMISSIONER